UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL LOWERY<br>68 Foxall Street<br>Wiley Ford, West Virginia 26767<br><br>    Plaintiff,<br><br>vs.<br><br>CSX TRANSPORTATION, INC. -<br>Serve On:<br>Corporate Creations Network<br>2 Wisconsin Circle, #700<br>Chevy Chase, Maryland 21227<br><br>    Defendant. | Civil Action No.: |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Michael Lowery, by and through counsel, P. Matthew Darby, Esq., and Berman, Sobin, Gross, Feldman & Darby LLP, sues CSX Transportation, Inc. – Baltimore Division for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 and for causes of action states as follows:

### INTRODUCTION

1. Plaintiff Michael Lowery was a resident of Cumberland, Maryland at all times pertinent herein.

2. Defendant CSX Transportation, Inc. ("CSX") is a railroad corporation with corporate headquarters in Jacksonville, Florida, and was at all times relevant to the events described in this Complaint doing business within the jurisdiction of this Court, engaging in interstate commerce by providing railroad transportation between all states along the Eastern Seaboard, including Western Pennsylvania and Maryland.

3. This Court has subject matter jurisdiction in this case pursuant to the Federal Rail Safety Act, 49 U.S.C. § 20109(d)(3) (FRSA).

4. At the time of the Defendant's FRSA violations, the Plaintiff was employed by the Defendant Railroad and qualified as an employee within the meaning of 49 U.S.C. § 20109.

5. This Complaint arises out of a violation of the Federal Rail Safety Act, 49 U.S.C. § 20109. On October 18, 2011, a Complaint was filed by the undersigned on Mr. Lowery's behalf with the United States Department of Labor – Occupational Safety and Health Administration (OSHA) (See OSHA Complaint #3-0050-12-001, Attached as Exhibit A, and OSHA Acknowledgement of Complaint Filed, Attached as Exhibit B).

6. Mr. Lowery was a Vice-Local Chairman of United Transportation Union Local 340. In his role with Local Union 340, Mr. Lowery engaged in various examples of protected activity under the FRSA, including the publication of a Local Union 340 "Newsletter" that addressed safety and other issues of importance to the members of the Local Union and which is posted on a bulletin board on the property of Defendant CSX. This bulletin board was subsequently removed by Defendant CSX management because some of the comments under the heading "A Message From Your Local Chairman" were deemed to be inappropriate by the Defendant.

7. Mr. Lowery and his fellow Local Union Officers, Evard Demott, John Gladem and William M. Conrad, each engaged in protected activity either independently or in concert and were each the subject of discriminatory actions within a five-day calendar period. This was a coordinated attack by Defendant CSX on the members of the Local Union.

8. These protected activities include Mr. Lowery's activities on August 24, 2011, when an unqualified train crew consisting of CSX Transportation, Inc. employees S.A. Sechler

and C.R. Hose was ordered to enter and work in a rail yard for which they were not qualified. According to a Settlement Agreement entered into by the CSX Transportation Inc. and the United Transportation Union, the crew should not have been ordered into the yard in question. After refusing to enter the yard, the crew was threatened with insubordination. Mr. Lowery, in his role as Vice-Local Union Chairman, intervened on the employees' behalf.

9. In addition, Mr. Lowery has been responsible for the reporting of various unsafe conditions around the Cumberland, Maryland yard, including the filing of multiple PI-82 forms (unsafe condition reports).

10. On August 25, 2011, at approximately 12:15 pm, Mr. Lowery was working train K49720 from Cumberland Terminal to New Castle, Pennsylvania. Prior to boarding at Cumberland Terminal, Mr. Lowery observed Trainmaster Eric J. Koelker dismounting the train and engaged in a conversation during which Trainmaster Koelker asked if Mr. Lowery should be wearing earrings.

11. In response to Trainmaster Koelker's comment, Mr. Lowery stated that he had been wearing the same earrings since he was hired 12 years before and, in fact, the earrings are visible on Mr. Lowery's CSX Transportation, Inc. ID photograph.

12. Mr. Lowery further explained that he had been in the company of just about every CSX Transportation, Inc. local management official since he began work and no one had indicated that the earrings violated any CSX Transportation, Inc. rule or policy nor had he been subjected to discipline during that period of time for wearing the earrings.

13. Further, Mr. Lowery related that he had previously been efficiency tested numerous times by Trainmaster Ronald Baer, who never mentioned anything about his earrings being in violation of CSX Transportation, Inc.'s Rules and that during these numerous

encounters Trainmaster Baer had ample opportunity to observe the earrings and instruct Mr. Lowery to remove them.

14. Mr. Lowery has worn the earrings in question for the entirety of the 12 years he has been employed by CSX Transportation, Inc.

15. On August 26, 2011, Mr. Lowery was charged with a rule violation for wearing the earrings and for making allegedly false statements about the aforementioned efficiency testing encounters he had with Trainmaster Baer, who apparently now erroneously claims that he informed Mr. Lowery to remove the earrings. (See Attached Exhibit C).

16. It was not until Mr. Lowery engaged in various examples of activities protected under the FRSA that any issue was made with regard to his earrings.

17. On October 6, 2011, a formal investigation was held in connection with the alleged violations contained in the August 26, 2011 letter.

18. Following the investigation, Mr. Lowery was disciplined and assessed a fifteen (15) day actual suspension by way of letter dated November 4, 2011. (See Attached Exhibit D).

19. As a result of Defendant CSX's conduct, Mr. Lowery suffered various economic harms as well as emotional distress and mental anguish.

## **COUNT I – Violation of Federal Rail Safety Act**

20. Plaintiff Michael Lowery adopts and incorporates by reference all the facts and allegations contained in the Introduction above.

21. The Plaintiff engaged in protected activity under the FRSA when he filed PI-82 Unsafe Condition Reports, intervened on behalf of the unqualified train crew which refused to work when confronted by a hazardous safety condition, and published a Newsletter addressing safety concerns.

22. Defendant CSX had knowledge of all the protected activities referenced above.

23. Defendant CSX took adverse or unfavorable actions against Mr. Lowery in whole or in part due to his protected activities when it disciplined Mr. Lowery. In so doing, Defendant CSX acted with reckless disregard for the law and with complete indifference to the Plaintiff's rights under the FRSA.

24. On October 18, 2011, Mr. Lowery filed a FRSA Complaint with the Secretary of Labor's Region 3 OSHA Whistleblower Office. (Exhibit A.) This Complaint was timely filed within 180 days from the date Mr. Lowery became aware of CSX's intent to take adverse or unfavorable personnel action against him.

25. The Region 3 OSHA Whistleblower Office commenced its investigation, and Mr. Lowery fully cooperated with OSHA's investigation. However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint. The delay was not due to any bad faith on the part of the Plaintiff Mr. Lowery.

26. Pursuant to FRSA 49 U.S.C. § 20109(d)(3), the Plaintiff has a statutory right to bring an original action in a United States District Court for a jury trial regarding the Railroad's violations of the FRSA.

27. On December 12, 2013, Mr. Lowery filed with the Region 3 OSHA Whistleblower Office a Notice of Intent to File Original Action. (See Attached Exhibit E).

28. Pursuant to FRSA 49 U.S.C. § 20109(d)(3), Mr. Lowery is now bringing this original action at law and equity for de novo review by the United States District Court for the District of Maryland, which Court has jurisdiction over this FRSA action without regard to the amount in controversy.

WHEREFORE, in order to encourage employees to freely report all injuries without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the Plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to:

a. Expungement of all references to disciplinary action related to the discipline;

b. Reinstatement with the same seniority status the Plaintiff would have had but for the discrimination;

c. Lost benefits with interest;

d. Lost wages with interest;

e. Compensatory damages for medical expenses incurred due to Defendant's conduct;

f. Compensatory damages for economic losses due to Defendant's conduct;

g. Compensatory damages for mental anguish and emotional distress due to Defendant's conduct;

h. The statutory maximum of punitive damages pursuant to 49 U.S.C. § 20109(e)(3);

i. Special damages for all litigation costs including expert witness fees and attorney fees; and

j. All other relief necessary to make the Plaintiff whole.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

P. MATTHEW DARBY (Bar #5980)
Berman, Sobin, Gross, Feldman
& Darby LLP
32 West Road, Suite 210
Towson, Maryland 21204
410-769-5400
pmdarby@bsgfdlaw.com

*Attorneys for Plaintiff*